

**State of New Jersey**

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>PO BOX 080<br>TRENTON, NJ  08625-0080 | MATTHEW J. PLATKIN<br>*Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

August 10, 2023

<u>**VIA ECF**</u>

Hon. Robert Kirsch, U.S.D.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

   Re: *CoreCivic, Inc. v. Philip D. Murphy, et al.*,
      <u>**Civil Action No. 23-967**</u>

Dear Judge Kirsch,

  Counsel for plaintiff and defendants jointly submit this letter, in consultation with counsel for the United States, in response to the Court's text order directing the parties to advise the Court whether the parties consent to (1) consolidating the hearing on plaintiff's motion for a preliminary injunction with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2), and (2) the Court entering a final decision on the merits of Plaintiff's Complaint after the hearing on August 14, 2023.

  Because the parties agree that there are no disputed issues of material fact presented in the submissions, the parties consent to the Court entering a final decision on the merits of Plaintiff's Complaint after the hearing on August 14, 2023.

  Defendants propose that the Court construe the briefing on plaintiff's motion for a preliminary injunction as cross-motions for summary judgment. If, however, the Court were to find that there are disputed issues of material fact, Defendants do not consent to the



resolution of those factual issues on the basis of this record, and respectfully suggest that a full trial on the merits would need to be scheduled at a later date.

CoreCivic does not agree that the Court should treat the preliminary injunction papers as motions for summary judgment and proposes that the Court simply consolidate the August 14 hearing for preliminary relief with a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). But should the Court find that there are disputed factual issues open after the August 14 proceedings that preclude final relief, CoreCivic respectfully suggests that the Court should then rule only on the preliminary injunction application and reserve full trial on the merits with respect to a permanent injunction for a later date.

We appreciate Your Honor's consideration of this request.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

        By: /s/Nathaniel Levy
            Nathaniel Levy
            Deputy Attorney General

cc:  All counsel (via ECF)

